ESTATE OF WONG WING NON, DECEASED, BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, ADMINISTRATOR, C. T. A., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHINN SHEE WONG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33791, 33792.   Promulgated May 9, 1952.

*Frank C. Scott, C. P. A.*, for the petitioners.
*Leonard A. Marcussen, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge:* We are called upon in these proceedings to determine the taxable gain realized by petitioner's decedent upon the maturity of a certain insurance policy prior to the death of the insured. The pertinent provisions of the Internal Revenue Code are section 22 (b) (2) and (5).[1]

[1] SEC. 22. GROSS INCOME.

 *  *  *  *  *  *  *

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

 *  *  *  *  *  *  *

(2) ANNUITIES, ETC.—

(A) In general.—Amounts received (other than amounts paid by reason of the death of the insured and interest payments on such amounts and other than amounts received as annuities) under a life insurance or endowment contract, but if such amounts (when added to amounts received before the taxable year under such contract) exceed the aggregate premiums or consideration paid (whether or not paid during the taxable year) then the excess shall be included in gross income. Amounts received as an annuity under an annuity or endowment contract shall be included in gross income; except that there shall be excluded from gross income the excess of the amount received in the taxable year over an amount equal to 3 per centum of the aggregate premiums or consideration paid for such annuity (whether or not paid during such year), until the aggregate amount excluded from gross income under this chapter or prior income tax laws in respect of such annuity equals the aggregate premiums or consideration paid for such annuity. * * *

 *  *  *  *  *  *  *

(5) COMPENSATION FOR INJURIES OR SICKNESS.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 23 (x) in any prior taxable year, amounts received through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness, and amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country;

Petitioners' decedent, in 1925, took out a 20-year endowment life insurance policy in the face amount of $10,000. The policy provided, among other things, for waiver of premiums should the insured become permanently disabled, and for a double indemnity in case of the insured's accidental death. The payment of 20 annual premiums of $568.60 was called for in the policy. This amount included a $10 annual premium for the double indemnity provision and an $18 annual premium for the disability benefits. The remaining $540.60 was for the endowment life provisions. After the payment of 10 such premiums, the insured (decedent) became totally disabled. Thereafter, all premiums were waived and the insured was paid $100 monthly. Upon maturity of the policy in 1945, decedent was paid $10,000, representing the face amount of the policy and $1,648.19 as consisting of the accumulated dividends and interest.

Respondent has conceded in his brief that the $10,000 received by decedent as the face of the policy is excludible from gross income under section 22 (b) (2) (A) and (5).[2] He accordingly views the issue as having narrowed as to whether the remaining $1,648.19, representing accumulated dividends and interest upon the policy fund, should be included in the decedent's gross income.

Petitioners argue that the total amount of premiums paid ($5,406), plus the total amount of premiums waived ($5,406), or $10,812, should be excluded from gross income, and contend that such waived premiums were constructively received by petitioners as disability benefits.

We are unable to follow petitioners to this conclusion. It is our opinion that petitioners have not established that the $1,648.19 constituted anything other than the "accumulated mutual insurance dividends and interest," as labeled by the parties in the stipulation filed herein. While "dividends" may be excluded from income as a reduction of premium, at the time of the periodic payment of premiums, they, nonetheless, become a taxable income item when the amount paid for the policy has been fully recovered. Regs. 111, sec. 29.22 (a)–12 and sec. 29.22 (b) (2)–1. Consequently, we hold that

---

[2] From Respondent's Brief:

* * * petitioners are entitled under section 22 (b) (5) of the Internal Revenue Code to exclude from gross income the portion of the insurance proceeds attributable to the operation of the disability provision of the policy. It is considered that the amount to be so excluded should be the difference between the amount actually paid by the decedent for the endowment life feature of the policy, $5,406, and the face amount of the policy, $10,000. This difference, amounting to $4,594, represents the benefit received which is attributable to the disability provision of the policy. Petitioners are also entitled under section 22 (b) (2) (A) to exclude the premiums actually paid by the decedent since to that extent the amount received in 1945 represents a return of capital. The balance of the amount received under the insurance contract, consisting of $1,648.19 in accumulated dividends and interest, is neither a return of capital nor a disability benefit but represents earnings on the fund while held by the insurance company and as such is properly includible in gross income.

the sum of $10,000, constituting the face amount of the policy paid by the company in 1945, is excludible and the remainder, or $1,648.19, is taxable as ordinary income.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*

KERN, J., concurs in the result.