T.C. Summary Opinion 2004-75

UNITED STATES TAX COURT

STEVEN H. AND ANNA J. JENSEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7496-03S.               Filed May 26, 2004.

Steven H. and Anna J. Jensen, pro sese.

<u>Aimee R. Lobo-Berg</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.[1]  The decision to
be entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2000,
the taxable year in issue.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $2,730 for the taxable year 2000.

The issue for decision is whether a distribution of $9,760[2] resulting from the surrender of a whole life insurance policy is includable in petitioners' gross income. We hold that it is.

Background

This case was submitted fully stipulated under Rule 122, and the facts stipulated are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

At the time that the petition was filed, petitioners resided in Woodburn, Oregon. References to petitioners individually are to Mr. Jensen or Mrs. Jensen.

Mr. Jensen is a retired certified public accountant and former partner at the accounting firm of Harden, Swisher, and Jensen. As early as 1956, the firm had purchased several term life insurance policies, which were cross-owned by and insured the various partners. Although not clearly explained in the record, some of the term life insurance policies that insured Mr. Jensen were converted into a whole life insurance policy bearing No. 264261 (the policy). The policy was issued on May 1, 1963, by the Occidental Life Insurance Co. of California on the life of Mr. Jensen in the face amount of $50,000 naming Mrs. Jensen as

---

[2] All amounts are rounded to the nearest dollar.

beneficiary.[3]  During the year in issue, petitioners wholly owned the policy.

Sometime in 2000, petitioners surrendered the policy and received a total distribution in the amount of $33,850.  For the taxable year 2000, Transamerica Occidental Life Insurance Co. (Transamerica)[4] sent petitioners a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reporting a gross distribution of $33,850 and a taxable distribution of $12,213.  Petitioners disputed the computation by Transamerica of the taxable gain and requested the company to reexamine the amount of premiums paid towards the policy.   Transamerica recalculated the cost basis of the policy and sent petitioners a letter explaining the cost basis determination as follows:

> The total dividends earned over the life of the policy are deducted from the total premiums [$50,570.50] to arrive at the cost basis.  The total dividends were $26,481.00.  So, the net cost is $24,089.50.

Transamerica then issued to petitioners a corrected Form 1099-R for 2000 reporting the following:

---

[3]  A complete copy of the policy is not in the record, but the evidence indicates that the policy provided for annual dividends, premiums payable during life of insured, and face amount payable at death of insured.

[4]  At some point in time, Occidental Life Insurance Co. of California merged with Transamerica Life Insurance Co.

| | |
|---|---|
| Gross distribution | $33,850 |
| Taxable amount | 9,760 |
| Employee contributions or insurance premiums | 24,089 |

Box 7 of Form 1099-R indicated that the distribution was a normal distribution.

Petitioners timely filed a joint Federal income tax return for 2000. On their return, petitioners did not report the gross distribution from Transamerica and did not include the taxable amount in income.

In the notice of deficiency, respondent determined that petitioners received a taxable pension in the amount of $9,760, which they failed to report on their Federal Income Tax return.

Petitioners timely filed a petition with the Court disputing the determined deficiency.

Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[5]

Gross income includes income from whatever source derived including, but not limited to, life insurance contracts.[6] Sec.

---

[5] We need not decide whether sec. 7491, concerning burden of proof, applies to the present case because the facts are not in dispute and the issue is one of law. See Higbee v. Commissioner, 116 T.C. 438 (2001).

[6] The policy satisfies the definition of a life insurance
(continued...)

61(a)(10). As relevant to this case, any amount which is received under a life insurance contract on its complete surrender, and which is not received as an annuity, shall be included in gross income to the extent it exceeds the investment in the contract.[7] Sec. 72(e)(1)(A), (5)(A), (E)(ii). The investment in the contract is defined generally as the aggregate amount of premiums or other consideration paid for the contract less amounts previously received under the contract, to the extent such latter amounts were excludable from gross income. Sec. 72(e)(6).

Petitioners do not dispute receiving the $33,850 in 2000 as reported on both the original and the corrected Form 1099-R. Petitioners, however, contend that no part of that distribution is taxable because life insurance distributions are not taxable. In support of their contention, petitioners rely on an Annual Insurance Policy Statement for the year 2002 from the Department of Veterans Affairs concerning policy No. V-1207-72-70, which specifically states that "Insurance dividends are not subject to Federal income tax". Petitioners further contend:

---

[6](...continued)
contract. See sec. 7702(a).

[7] We note that sec. 101(g)(2) provides that amounts received under a life insurance contract on the life of an insured who is "chronically ill" may be excluded from gross income. See sec. 7702B(c)(2). Although Mr. Jensen may suffer from certain health problems, the record does not support a finding that he is chronically ill.

This policy was never considered an investment.  It has <u>NEVER</u> been referred to as a "pension or annuity".[8]

Petitioners have set forth no plausible legal theory to support their argument that the distribution in issue is nontaxable.  Although it is true that as a general rule, proceeds of life insurance contracts paid by reason of the death of the insured are excludable from gross income, see sec. 101(a)(1), the proceeds of the contract in issue were not paid by reason of Mr. Jensen's death, but rather because of the surrender of that policy.  Moreover, petitioners' reliance on a statement from the Department of Veterans Affairs is misplaced because such statement does not apply to the policy in this case (No. 264261), and, further, the distribution in issue was not a payment of insurance dividends,[9] nor was it a payment from the Department of Veterans Affairs.[10]

---

[8]  Petitioners disagree with respondent's characterization that the distribution is from a pension or annuity.  The fact that respondent erroneously characterizes the distribution as from a pension or annuity has no bearing on the resolution of the issue in this case.  Clearly, the distribution resulted from petitioners' surrender of the policy.

[9]  Insurance "dividends", in general, "may be excluded from income as a reduction of premium, at the time of the periodic payment of premiums".  <u>Estate of Wong Wing Non v. Commissioner</u>, 18 T.C. 205, 209 (1952).

[10]  Generally, payments of benefits due under any law administered by the Department of Veterans Affairs are exempt from taxation.  See 38 U.S.C sec. 5301(a)(1) (Supp. III 2003).

The policy in this case was a whole life insurance policy. Generally, a whole life insurance policy has a cash surrender value that increases over time as premiums are paid. The cash surrender value can be distributed to the insured upon the cancellation, surrender, or termination of the policy before its maturity date. Upon distribution, a taxable gain may result to the extent that the distribution exceeds the investment in the contract; i.e., the amount of premiums paid for the contract.

The record is clear that petitioners canceled the policy and received the cash surrender value of the policy. Transamerica then calculated the taxable gain on the distribution based on petitioners' cost basis in the policy. Petitioners were well aware of the fact that the premiums paid affected their cost basis in the policy and, thus, their taxable gain. In fact, it appears that petitioners diligently requested Transamerica to recalculate the taxable gain due to employee contributions that may not have been accounted for as a result of the conversion of the term life insurance policies into the policy. Absent exceptions not applicable in the instant case, the law is well-settled that a distribution upon the complete surrender of a life insurance contract is includable in gross income to the extent the distribution exceeds the investment in the contract. Therefore, the distribution of $9,760 is includable in

petitioners' gross income.  Accordingly, we sustain respondent's determination.

We have considered all of the other arguments made by petitioners, and, to the extent that we have not specifically addressed those arguments, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.